**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF EMPLOYMENT
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE: | |
| RONALD WILEY ASHFORD and | Chapter 7 |
| CYNTHIA BLAKE ASHFORD | Case No. 09-54016 |
| Debtors | Judge Joseph M. Scott |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Debtors' Motion for Recovery of Costs and Fees (Doc. 45) (the "Sanctions Motion"). The Debtors seek to recover attorneys' fees and costs incurred as a result of the Chapter 7 Trustee's attempted pursuit of certain state court claims against the Debtor husband's former employer, which the Chapter 7 Trustee believed to be assets of the estate. Because the Court does not find the Trustee's actions rose to the level of sanctionable conduct, the Debtors' motion will be denied.

I.

The Debtor husband, Ronald Ashford, was terminated from his employment approximately three years before the Debtors' petition date. Mr. Ashford filed a complaint with the New York office of the Equal Employment Opportunity Commission ("EEOC") and received a right to sue in early December of 2009.[1] Around the same time Mr. Ashford received his notice from the EEOC, the Debtors filed their Chapter 7 petition. The Debtors did not disclose this potential claim in their original schedules.

At the first meeting of creditors, however, the Debtors disclosed to the Trustee that Mr. Ashford held potential claims under state law against his former employer relating to the termination of his employment. The Debtors amended their schedules to disclose:

---

[1] There appears to be some disagreement between the parties as to the exact date Mr. Ashford received the notification from the EEOC informing him of his right to sue. The affidavit of James M. Morris, counsel for Mr. Ashford in the state court litigation, claims it was received on or about December 11, 2009. The Trustee, however, asserts in his motion to reopen that it was received on or about December 8, 2009. The Debtors filed their Chapter 7 petition on December 8, 2009. Therefore, the notice from the EEOC was received on either the petition date, or shortly thereafter.

1

>Claim for wrongful discharge and/or loss of future earnings and/or unemployment benefit and/or unemployment compensation and/or discrimination against former employer, Kangol, in 208. Attorney for Ronald W. Ashford is Jim Morris of Morris & Morris, Attorneys at Law, Lexington, KY.

(Doc. 12). Believing that these claims were subject to exemptions under the Bankruptcy Code, the Trustee took no action with regard to the claims and subsequently filed a report of no distribution (Doc. 13).

Mr. Ashford filed his complaint against his former employer in the Fayette County Circuit Court on March 8, 2010 (the "Employment Litigation"). The complaint, however, did not reflect the identical claims as the Debtors' schedules disclosed. Rather, the complaint alleges age discrimination; fraud, deceit, and misrepresentation; breach of contract; and breach of the implied covenant of good faith and fair dealing. These causes of action are not subject to the Bankruptcy Code exemptions. *See* 11 U.S.C. § 522(d).

After the Debtors filed their complaint, this Court entered an order of discharge in the Debtors' Chapter 7 case (Doc. 16). Mr. Ashford subsequently obtained a default judgment against his former employer, but the issue of damages continued in litigation for approximately one year (Doc. 32, Exhibit 1, Affidavit of James M. Morris, ¶¶ 9 and 10). The Trustee claims he did not receive a copy of Mr. Ashford's complaint until April 27, 2011, more than one year after the day the complaint was filed (Doc. 19).

On May 4, 2011, the Trustee filed a motion to reopen the Debtors' Chapter 7 case, asserting that the non-exempt claims were property of the Debtors' estate (Doc. 19). The Trustee sought to reopen the case in order to "request further relief as necessary," because the claims asserted in the Employment Litigation were not disclosed in the Debtors' bankruptcy case (Doc. 19). The motion to reopen was granted on May 5, 2011 (Doc. 22). John O. Morgan, Jr. was then retained as attorney for the Trustee (Doc. 26). On May 16, 2011, the Trustee filed a motion in the Employment Litigation to substitute himself as a real party in interest. The Fayette Circuit Court denied the Trustee's motion. The Trustee then filed a notice of plea of abatement with the Fayette Circuit Court.

The Debtors responded to the Trustee's actions by filing with this Court a motion to enforce the Trustee's abandonment of the causes of action (Doc. 32). In their motion, the Debtors alleged that their attorney in the Employment Litigation recalled informing the Trustee during a telephonic conference that Mr. Ashford's claims included age discrimination, breach of contract, breach of good faith and fair dealing, fraud, deceit, and misrepresentation. According

2

to Mr. Ashford's attorney, such claims were normally asserted by him (Doc. 32, Exhibit 1, Affidavit of James M. Morris, ¶ 5). The Debtors also argued that in the Trustee's report of no distribution, he certified that he had conducted a "diligent inquiry into the affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." In the report, the Trustee also certified that the Debtors' estate had been fully administered and the Trustee abandoned all interest as of March 30, 2010. The Debtors argued that, because of the certification and abandonment, the Trustee should not be allowed to obtain any interest in the Employment Litigation.

The Debtors asserted that after Mr. Ashford obtained a default judgment, he discovered that the potential damages he could receive from the Employment Litigation were substantial. They also claimed that the defendant in the Employment Litigation sent a letter to the Trustee offering to purchase the Employment Litigation claims from the Debtors' estate "for a significant sum" if the Trustee could reopen the Debtor's bankruptcy case. The Debtors alleged this was a litigation tactic by the defendant in the Employment Litigation, and that the defendant did so in an attempt to end the Employment Litigation. Lastly, the Debtors argued that because the Trustee was aware of the claims and abandoned the estate's interest, he had no standing in the Employment Litigation and could not intervene therein.

In arguing that the he had not abandoned the estate's interest in the non-exempt claims and causes of action, the Trustee asserted that the Debtors failed to sufficiently describe the claims in their schedules, thus preventing abandonment under § 554(d). The Debtors argued that the claims were properly scheduled in a sufficient manner to put the Trustee on notice to investigate the nature of the claims, and that the Trustee therefore abandoned the estate's interest in the Employment Litigation.

A hearing was held on the Debtors' motion to enforce abandonment on May 19, 2011. During the course of the hearing, the Trustee represented to the Court that he had spoken with Mr. Morris, but did not recall the conversation. The Trustee took issue with the claim that Mr. Morris told him anything other than the case was an employment case. The Trustee claimed that it was his understanding that Mr. Ashford was an employee and that the Employment Litigation was an effort to recover lost wages and other things incumbent on the loss of wages. He further asserted that it was never conveyed to him that the Employment Litigation was a contract case.

The Court found the description of the Employment Litigation in the schedules was sufficient to put the Trustee on notice that employment-related causes of action existed (Doc. 40). It was clear from the first meeting of creditors that Mr. Ashford was not well-versed in legal terminology and not completely informed about the posture of the Employment Litigation. The Trustee was aware of Mr. Ashford's lack of knowledge, and was also aware of the claim description in the schedules. Therefore, the Trustee was sufficiently notified that the claims may not have been limited to those described in the schedules, but may also include other non-exempt claims or causes of action. The Court concluded that the Trustee conducted his investigation, but made an erroneous determination that the Employment Litigation claims were all exempt. Accordingly, the estate's interest was abandoned when the case was closed and the Employment Litigation was not administered as an asset of the bankruptcy estate.

Shortly after the Court entered its order enforcing the abandonment of the Employment Litigation claims, the Trustee withdrew his notice of plea of abatement from the Fayette Circuit Court and filed with this Court a motion for a protective order relating to a deposition of the Trustee performed in connection with the Employment Litigation (Doc. 41). The Court granted this motion (Doc. 51).

On the same day the Trustee filed his motion for a protective order, the Debtors filed the Sanctions Motion (Doc. 45). The Trustee filed a response (Doc. 55), and the Debtors a reply (Doc. 56). A hearing was held on June 24, 2011, during which the Court ordered the Debtors to supplement the record with copies of all papers filed in the Employment Litigation, and the billing records of Mr. Morris in relation to the Debtors' motion to enforce with an accompanying affidavit addressing the fee arrangement for the Employment Litigation. The Trustee was then given until July 13, 2011 to respond to the supplements, after which the matter was taken under submission. The parties were also allowed to file supplemental briefs, which both parties filed.

II.

In the Sanctions Motion, the Debtors claim that the Trustee's motion to reopen was misleading, as it failed to acknowledge the discussions between the Trustee and Mr. Morris, the previous identification of the claim in the Debtors' schedules, and the Trustee's statements in his final report (Doc. 45). The Debtors argue that the Trustee's lack of candor with the Court made the motion to reopen entirely improper. It is further claimed that the Trustee's motion to substitute as the party plaintiff in the Employment Litigation, as well as his subsequent notice of plea of abatement, were improper because the Trustee did not first obtain an order from this

4

Court setting aside the abandonment of the Employment Litigation claims (Doc. 45, page 4) ("[T]he Panel Trustee here engaged in inappropriate actions in the filing of a Motion to Substitute as the Real Party in Interest in the Fayette Circuit Court—and the filing of a Notice of Plea of Abatement even though the state court action was specifically investigated and abandoned by the Trustee."). The Debtors claim the Trustee's actions led to them having to retain counsel to pursue the motion to enforce the abandonment, and that he caused a substantial delay and increased expense in the Employment Litigation. They further claim that these actions have been further compounded by the Trustee's filing of a motion for a protective order. The Debtors seek to recover attorney's fees and costs incurred in connection with the motion to enforce the abandonment, the motion for a protective order, and the pleadings in the Employment Litigation.

In response, the Trustee claims he does not recall having a conversation with Mr. Morris, and therefore did not misrepresent anything to the Court in connection with the motion to reopen (Doc. 55). He also argues that he did not act improperly in the Employment Litigation because he did not believe the claims were disclosed, and therefore were not abandoned pursuant to § 554(d). Pursuant to Rule 6009 of the Federal Rules of Bankruptcy Procedure, the Trustee believes he did not need an order from the Court setting aside the abandonment, and that a legal basis existed for his actions. Furthermore, the Trustee asserts that this Court's order enforcing abandonment does not mean the Trustee did not have a reasonable legal basis for taking action in the Employment Litigation.

The Debtors filed a reply, claiming that Mr. Morris and the Trustee had multiple conversations on or after April 27, 2011, wherein Mr. Morris reminded the Trustee of the February 2010 conversation in which Mr. Morris claims he disclosed the Employment Litigation claims (Doc. 56). The Debtors argue that at this point, the Trustee knew, or should have known, that he had no basis for reopening the case because he knew the claims had been abandoned.

At the hearing held to address the Sanctions Motion, the Trustee maintained his position that he did not believe the claims were disclosed, and that they were therefore property of the estate. Mr. Morris, however, continued to assert that the claims were disclosed, and that the Trustee knew of the character of the claims based on his phone conversations with Mr. Morris.

Both parties filed briefs in support of their positions. The Debtors argue in their brief that the Court may sanction the Trustee for his actions under Rule 11 of the Federal Rules of Civil Procedure, made applicable by Rule 9011 of the Federal Rules of Bankruptcy Procedure, and

5

28 U.S.C. § 1927 (Doc. 68).  The proposed grounds for sanctions are the Trustee's actions and representations in the Employment Litigation, and his failure to file an appropriate motion with this Court to set aside the abandonment.  The Debtors argue that "[f]iling of such motions and [sic] these, without first obtaining a ruling from this Court as to the abandonment of the Employment matter was entirely without basis and Ashford should not be required to shoulder the expenses associated therewith." (Doc. 68, page 4).

The Trustee's brief argues that sanctions under Rule 9011 are inappropriate because the Debtors have not complied with the 21-day safe harbor provision found in Rule 9011(c)(1)(A) (Doc. 69).  This rule provides that the motion must be served on the attorney against whom the claims are being made, and the attorney must be given 21 days to withdraw the challenged "paper, claim, defense, contention, allegation, or denial . . . ." Fed. R. Bankr. P. 9011(c)(A)(A).  This must be done before the motion is presented to the court. *Id.*; *see also Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).  The Trustee claims to have not been served with the sanctions motion before the motion was filed with the Court.

The Trustee's brief further argues that, even if the Court finds that the motion does not violate Rule 9011(c)(1)(A), sanctions are still inappropriate as to the actions taken in the Employment Litigation Rule 9011 does not apply to such state court actions (Doc. 69). Furthermore, the Trustee argues that his actions were reasonable and were not made with an improper motive because he did not believe the claims had been disclosed, and consequently had not been abandoned.

III.

As an initial matter, the record is unclear as to what authority the Debtors rely upon in advancing their arguments.  The Sanctions Motion, characterized in the docket as a motion for sanctions, is titled "Ashford's Motion for Recovery of Costs and Fees." (Doc. 45).  The Sanctions Motion itself makes no mention of Rule 9011 or of sanctions.  It only requests "recovery of attorneys' fees and costs . . . ." (Doc. 45, page 5).  At the hearing on the Sanctions Motion, both counsel for the Trustee and the Court expressed confusion as to whether the Debtors were requesting sanctions under Rule 9011.  This question was clarified by the Debtors' trial brief, filed after the hearing, which sets forth arguments based upon Rule 9011 "as well as the inherent power of the Court, pursuant to 28 U.S.C. § 1927." (Doc. 68, page 1).  The Court will accordingly treat this matter as a motion for sanctions under Rule 9011, § 1927, and the Court's inherent powers.

6

> Rule 9011 provides, in part:
>
> (b) *Representations to the Court.* By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011(b)-(c).

Before the Court may award sanctions under Rule 9011, certain procedural requirements must be satisfied by the moving party. Subsection (c) to Rule 9011 provides that a motion for sanctions under Rule 9011 may not be "filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)." Fed. R. Bankr. P. 9001(c)(1)(A). This requires the moving party to provide notice to the other party before the moving party files its motion for sanctions. If the other party does not withdraw the challenged documents, claims, or arguments within 21 days of the service, then the moving party may file the motion for sanctions with the Court.

The Debtors failed to comply with the procedural requirements of Rule 9011 by not serving the Trustee with the Sanctions Motion before filing it with the Court. Such service "is a mandatory prerequisite to an award of sanctions." *Cadle Co. v. Pratt (In re Pratt),* 524 F.3d 580,

7

586 (5th Cir. 2008); *see also Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Plaintiffs did not comply with this procedural prerequisite. Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11."). The Debtors filed the Sanctions Motion on June 8, 2011. The Trustee claims to have not been served a copy of the Sanctions Motion at any time prior to this date. The Debtors have done nothing to refute this claim. The Court finds that the Debtors did not serve the Sanctions Motion on the Trustee 21 days before filing it with the Court. Consequently, the Court cannot award sanctions under Rule 9011.

The remaining avenues for relief for the Debtors are 28 U.S.C. § 1927, and the Court's inherent powers to sanction attorney misconduct. Section 1927 provides that an attorney who unreasonably or vexatiously multiplies the proceedings in any case may be required to reimburse the costs, expenses, and attorneys' fees reasonably incurred by the other party. 28 U.S.C. § 1927. Sanctions under § 1927 "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The purpose of the statute is to deter actions that "far exceed zealous advocacy." *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 644 (6th Cir. 2009). The determination of whether to award attorneys' fees must be enlightened by the knowledge that "such an award 'is an *extreme sanction*, and must be limited to *truly egregious cases* of misconduct.'" *Id.* at 642 (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) (emphasis in original)).

Section 1927, however, is not applicable to actions or representations made in a state court proceeding. *See e.g., In re Galgano*, 358 B.R. 90, 104 (Bankr. S.D.N.Y. 2007) (collecting cases). Accordingly, the Court has no authority to impose sanctions under § 1927 for the Trustee's actions in the Employment Litigation. Such matters must be determined by the court in which the actions were taken. *See e.g., Butcher v. Lawyers Title Ins. Corp.*, 1:05-CB-145, 2005 WL 2242881, at *1 (W.D. Mich. Sept. 12, 2005) (the court may not rely upon § 1927 as a basis for sanctions when the conduct at issue did not occur before that court). Therefore, the Court may only determine whether the Trustee's actions in connection with the motion to reopen and the motion for a protective order are sanctionable.

The Sixth Circuit has failed to articulate a clear standard for determining whether to award sanctions under § 1927. In *Garner*, 554 F.3d 624, the Sixth Circuit acknowledged that two different standards had been set forth by the court. *Id.* at 645. The first standard provides:

> Sanctions under § 1927 are warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party . . . . [W]hen an attorney knows *or reasonably should know* that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney. Bad faith is not required to support a sanction under § 1927.

*Id.* (quoting *Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000)). A second, seemingly higher standard provides that sanctions under § 1927 are only appropriate when the attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Garner,* 554 F.3d at 645 (quoting *Red Carpet Studios*, 465 F.3d at 646). Although the Sixth Circuit recognized the latter standard was higher than the former, it nevertheless chose to "not reconcile this apparently conflicting language because the district court found that [the attorney] intentionally pursued meritless claims, a finding that would satisfy either standard." *Garner*, 554 F.3d at 645 (internal quotation marks omitted). The conflicting language has yet to be reconciled by the Sixth Circuit.

The Court finds that it is not necessary to choose which standard is applicable, as sanctions are not warranted under either. The focus of this determination is on whether, in connection with the motion to reopen or the motion for a protective order, the Trustee unreasonably or vexatiously multiplied the proceedings in the Debtors Chapter 7 case. In the matters before this Court, they did not.

The first issue is whether the Trustee unreasonably multiplied the proceedings. The Debtors adamantly and repeatedly argue that the Trustee knew the claims had been abandoned when he moved to reopen the Debtors' case because of his conversation with Mr. Morris. The Trustee argues that he did not remember having a conversation with Mr. Morris, and that he did not believe that the claims had been disclosed. Although the Court ultimately ruled that the claims had been abandoned, the Court did not, as the Debtors seem to believe, determine that the Trustee *knew* that the claims had been abandoned. Rather, the Court's ruled that "[i]n this case the record shows the description of the lawsuit in the amended schedules was sufficient to alert the Trustee that employment-related causes of action existed" and "[a]rmed with his awareness of Ashford's limited legal expertise and the claim description in the amended

9

schedules, Trustee was sufficiently notified that the claims may or may not be limited to those described by Debtors at the creditors meeting or in the scheduled description (Doc. 40, pages 5-6). The Court ultimately held that the "Trustee conducted his investigation to the extent he thought was warranted and made an erroneous determination that the potential proceeds from the causes of action were all exempt." (Doc. 40, pages 6-7).

An erroneous determination is not akin to knowledge. Moreover, in this Court's view, an erroneous determination is not "something more than negligence," as required for sanctions under § 1927. *Red Carpet Studios*, 465 F.3d at 646. The Trustee reasonably believed an opportunity existed to bring a significant asset into the estate, and made a proper motion to reopen the case. The Court finds the Trustee's claim that he did not believe at the time of filing the motion to reopen that the claims had been disclosed to be reasonable. Although the Court ultimately found that the Trustee abandoned the claims, this ruling does not retroactively make his belief that they were not disclosed unreasonable or lacking a legal basis. Little must be said regarding whether the Trustee's actions were "vexatious," as there is no indication that it was his intention to harass the Debtors or cause them any distress. Indeed, the Debtors have made no such claim.

The Debtors also argue that the Trustee's failure to file any motion seeking to set aside the abandonment is sanctionable. This failure to act would only be sanctionable under § 1927 if it multiplied the proceedings before the Court. Had the trustee filed a motion to set aside the abandonment, the same issues and arguments would have been presented as those in the Debtors' motion to enforce the abandonment and the related hearing. Therefore, the Trustee's alleged failure to file could not have multiplied the proceedings, as the number of proceedings would remain the same under either course of action.

Nor did the Trustee act unreasonably or with intent to harass when he filed his motion for a protective order. The Debtors argue that the Trustee had no reason to file the order because the Debtors had already stipulated that they would limit their deposition in the same manner as sought by the Trustee in his motion. Even if the Debtors did agree to limit their deposition, this alone does not prevent the Trustee from taking a "belt and suspenders" approach and ensuring that the deposition would be so limited. Such a motion, under these circumstances, does not amount to an act far exceeding zealous advocacy, nor is it egregious behavior.

The Trustee's actions in pursuing a protective order do not rise to the level of sanctionable conduct under § 1927, nor did his erroneous determination that the claims were

exempt make his motion to reopen an unreasonable or vexatious multiplication of proceedings. As such, sanctions are not warranted under § 1927.

In addition to awarding attorneys' fees under a statutory authority, a court may assess attorney fees under the court's inherent powers "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *BDT Products, Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (quoting *Chambers v. NASCO, Inc*, 501 U.S. 32, 45 (1991). As the Court has already determined, the Trustee did not act with intent to harass the Debtors. It has not, however, addressed whether the Trustee acted in bad faith. The Sixth Circuit utilizes a three-prong test to determine whether sanctions may be imposed under the bad faith exception. The court must find: (1) the claims advanced were meritless; (2) counsel knew or should have known the claims were meritless; and (3) the motive for filing the suit was for an improper purpose such as harassment. *BDT Products,* 602 F.3d at 752 (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). The fact that an action is without merit does not amount to bad faith. *BDT Products*, 602 F.3d at 753. The Court must therefore find something more than a meritless claim or action at any stage of the proceedings. *Id.* This can be a finding that a suit was filed with the purpose of harassment or delay, that the party hampered the enforcement of a court order, or that the party made improper use of the courts. *Id.* Evidence of such actions must, however, provide something more than a demonstration that a party knowingly pursued a meritless claim or action. *Id.*

Because the Trustee did not pursue a meritless claim or action, there is no reason for the Court to determine whether the Trustee did the "something more" that would warrant sanctions. Accordingly, sanctions may not be awarded under the Court's inherent powers.

IV.

The Debtors failed to follow the required procedures for a motion for sanctions under Rule 9011 by not serving the Trustee with a copy of the Sanctions Motion at least 21 days before filing with the Court. Sanctions under § 1927 are not proper because the Trustee's actions in connection with the proceedings before this Court did not rise to the level of sanctionable conduct when the Trustee reasonably believed the claims had not been disclosed. Because of this reasonable belief, his motion to reopen was not meritless, nor was his motion for a protective order meritless simply because of the Debtors' stipulation. The Court finds that none of the Trustee's actions before this Court in connection with the motion to reopen and the motion for a protective order are sanctionable under § 1927 or the Court's inherent powers.

Based upon the foregoing, IT IS HEREBY ORDERED that the Debtors' Motion for Recovery of Costs and Fees is DENIED.

Copies to:

James M. Morris, Esq.

James D. Lyon, Esq., Chapter 7 Trustee

John O. Morgan, Jr., Esq.

Matthew B. Bunch, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Monday, August 15, 2011
(jms)**